## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JEFFERSON STREET HOLDINGS, LLC d/b/a cradl. ltd., <br><br> Plaintiff, <br><br> v. <br><br> MOUS PRODUCTS LTD., <br><br> Defendant. | CIVIL ACTION NO. 1:23-cv-1520 <br><br> ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT <br><br> **JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Jefferson Street Holdings, LLC d/b/a cradl. ltd. ("cradl" or "Plaintiff") files this original complaint and demand for jury trial against Defendant Mous Products Ltd. ("Mous" or "Defendant"), alleging, based on its own knowledge as to itself and its own actions and based on information and belief as to all other matters, as follows:

## PARTIES

1. cradl is a limited liability company formed under the laws of the State of Colorado, with its place of business at 3100 Jefferson Street, Boulder, CO 80304.

2. Mous is a limited liability company formed under the laws of the United Kingdom with a place of business at New Kings Court, Tollgate, Chandler's Ford, Eastleigh, Hampshire, SO53 3LG, United Kingdom. Mous may be served with process through the New Jersey Department of Treasury at 33 West State Street, 5th Floor, Trenton, NJ 08608.

## JURISDICTION AND VENUE

3. This is an action for infringement of United States patents arising under 35 U.S.C. §§ 271, 281, and 284–85, among others. This Court has subject matter jurisdiction of the action

under 28 U.S.C. § 1331 and § 1338(a).

4. This Court has personal jurisdiction over Mous pursuant to due process and/or the Colorado Long Arm Statute, due at least to its substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; and/or (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Colorado and in this district.

5. Venue is proper in this district because Mous is organized under the laws of a foreign jurisdiction. 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district, and the joinder of such a defendant shall be disregarded in determining where the action may be brought with respect to other defendants." *See also In re HTC Corp.*, 889 F.3d 1349 (Fed. Cir. 2018).

## BACKGROUND

6. The patents-in-suit, U.S. Patent Nos. 11,399,606; 10,820,675; 10,327,524; and 9,480,319 (collectively, the "Asserted Patents"), generally relate to cases for an electronic device created by mother-daughter duo Elizabeth Dining and Erin Watt. Additional inventors named in the Asserted Patents include Zachary Conrad, Cameron Brown, and Jeremy Kerbs.

7. United States Patent No. 11,399,606 ("the '606 Patent") was duly and legally issued by the United States Patent and Trademark Office on August 2, 2022. cradl owns the '606 Patent by assignment. A true and correct copy of the '606 Patent is attached as Exhibit A. The '606 Patent relates to a protective case for an electronic device. Exemplary claim 11 generally describes a case adapted to receive an electronic device which has a first panel with at least four edges. These edges may include a pair of lateral edges and a second pair of edges.

The lateral edges may have a first height at its terminal ends and may have a second, continuous height between the two terminal ends. The first height is generally greater than the height of the electronic device. The second height may be less than the first height. The second pair of edges are generally the same or greater than the first height.

8. United States Patent No. 10,820,675 ("the '675 Patent") was duly and legally issued by the United States Patent and Trademark Office on November 3, 2020. cradl owns the '675 Patent by assignment. A true and correct copy of the '675 Patent is attached as Exhibit B. The '675 Patent relates to a protective case for an electronic device. Exemplary claim 27 describes a case for an electronic device which generally includes an outer casing with a planar back panel and four edge panels. The upper edge panel and lower edge panel, which are generally located on opposite sides of the case from each other, may have a first height. The first side edge panel and second side edge panel, which are generally located on opposite sides of the case from each other, may have a second, continuous height. The first side edge panel and second side edge panel may also be symmetrical. The second height may be less than the first height.

9. United States Patent No. 10,327,524 ("the '524 Patent") was duly and legally issued by the United States Patent and Trademark Office on June 25, 2019. cradl owns the '524 Patent by assignment. A true and correct copy of the '524 Patent is attached as Exhibit C. The '524 Patent relates to a protective case for an electronic device. Exemplary claim 28 generally describes a case for an electronic device having a first panel with a plurality of turned edges extending therefrom. The plurality of turned edges may include an upper edge, a lower edge, a first edge, and a second edge. The upper edge and the first end of the first side edge may meet to

create a first corner.  The upper edge and the first end of the second side edge may meet to create a second corner.  The lower edge and the second end of the first side edge may meet to create a third corner.  And the lower edge and the second end of the second side edge may meet to create a fourth corner.  The upper edge and lower edge may have a first, continuous height which may span the entire distance between the first corner and second corner and the third corner and four corner, respectively.  There is generally a change in height from the first corner and second corner to the first side edge and second side edge, which may be a first transition.  There is generally also a change in height from the first side edge and the second side edge to the third corner and fourth corner, which may be a second transition.  The first transition and second transition may be a taper or a step.  The first side edge and the second side edge may have a second, continuous height which may span the entire distance between the first transition and the second transition.  The second height is less than the first height.

10. United States Patent No. 9,480,319 ("the '319 Patent") was duly and legally issued by the United States Patent and Trademark Office on November 1, 2016.  cradl owns the '319 Patent by assignment.  A true and correct copy of the '319 Patent is attached as Exhibit D.  The '319 Patent relates to a protective case for an electronic device. Exemplary claim 14 generally describes a case for an electronic device comprising a first panel with at least four edge panels and a large, centrally positioned opening.  A first corner, second corner, third corner, and fourth corner may be located at each intersection of the at least four edge panels.  Two edge panels may have a first height.  The four corners may be a second height.  The second height may be substantially equivalent to the first height.  At least a portion of the other two edge panels may be a third height.  The third height may be less than the first height and the second height.

11. To develop, manufacture, and distribute these cases, Watt (who was only 15 years old at the time) and Dining co-founded a company called "cradl." in 2014 in Boulder, Colorado. Dining funded cradl herself and served as the company's president, with Watt acting as the creative director. The purpose of cradl was to create phone cases that were protective and durable while also being sleek and stylish. cradl officially launched at the Consumer Electronics Show on January 6, 2015, which attracted 170,000 attendees and 3,600 exhibitors. After its launch, cradl was featured in several publications, including the Denver Post, BizWest, and Gadgetsin.



(Source: https://www.cradlcase.com/about/)

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 11,399,606

12. On August 2, 2022, United States Patent No. 11,399,606 ("the '606 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Protective Case for Portable Electronic Device."

13. cradl is the owner of the '606 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '606 Patent against infringers, and to collect damages for all relevant times.

14. Mous made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products including, for example, Mous branded phone cases.

15. By doing so, Mous has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 11 of the '606 Patent.

16. Mous' Limitless 5.0 phone case for use with the Google Pixel 7 Pro is an exemplary accused product.

17. For example, as recited in Claim 11, the Mous Limitless 5.0 phone case is a case that includes a first panel with four edges. The four edges include two lateral edges and a second pair of edges.



*Figure 1*

Moreover, the lateral edges contain two different heights. The terminal ends of the lateral edges are a first height. The first height is greater than the height of the electronic device disposed therein. The section of the lateral edges disposed between the terminal ends are a continuous, second height. The second height is lower than the first height. The second pair of edges are greater than or equal to the first height.



*Figure 2*

18. Mous' infringement in this regard is ongoing.

19. cradl has been damaged as a result of the infringing conduct by Mous alleged above. Thus, Mous is liable to cradl in an amount that adequately compensates it for such infringements, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.SC § 284.

20. cradl and its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '606 Patent.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 10,820,675

21. On November 3, 2020, United States Patent No. 10,820,675 ("the '675 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Protective Case for Portable Electronic Device."

22. cradl is the owner of the '675 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '675 Patent against infringers, and to collect damages for all relevant times.

23. Mous made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products including, for example, Mous branded phone cases.

24. By doing so, Mous has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 27 of the '675 Patent.

25. Mous' Limitless 5.0 phone case for use with the Google Pixel 7 Pro is an exemplary accused product.

26. For example, as recited in Claim 27, the Mous Limitless 5.0 phone case is a case that generally includes an outer casing with a planar back panel, an upper edge panel, a lower edge panel, a first side edge panel, and a second side edge panel.



*Figure 3*

The upper edge panel and lower edge panel are a first height. The upper edge panel and lower edge panel are also positioned on opposite ends of the case from each other. The first side edge panel and second side edge panel are a second, continuous height. The first side edge panel and second side edge panel are symmetrical and positioned on opposite ends of the case from each other. The second height is less than the first height.



*Figure 4*

27. Mous' infringement in this regard is ongoing.

28. cradl has been damaged as a result of the infringing conduct by Mous alleged above. Thus, Mous is liable to cradl in an amount that adequately compensates it for such infringements, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.SC § 284.

29. cradl and its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '675 Patent.

**COUNT III**
**INFRINGEMENT OF U.S. PATENT NO. 10,327,524**

30. On June 25, 2019, United States Patent No. 10,327,524 ("the '524 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Protective Case for Portable Electronic Device."

31. cradl is the owner of the '524 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '524 Patent against infringers, and to collect damages for all relevant times.

32. Mous made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products including, for example, Mous branded phone cases.

10

33. By doing so, Mous has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 28 of the '524 Patent.

34. Mous' Limitless 5.0 phone case for use with the Google Pixel 7 Pro is an exemplary accused product.

35. For example, as recited in Claim 28, the Mous Limitless 5.0 phone case is a case for an electronic device with a first panel with a plurality of turned edges extending therefrom. These turned edges include an upper edge, lower edge, first side edge, and second side edge. The upper edge and the first end of the first side edge intersect to create a first corner. The upper edge and the first end of the second side edge intersect to create a second corner. The lower edge and the second end of the first side edge intersect to create a third corner. And the lower edge and the second end of the second side edge intersect to create a fourth corner.



*Figure 5*

The upper edge and lower edge are a continuous, first height. The first side edge and the second side edge are a continuous, second height. This second height is less than the first height. The changes in height between the first corner and the first side edge and between the second corner and second side edge is a first transition. Also, the changes in height between the third corner and the first side edge and between the fourth corner and the second side edge is a second transition. The first and second transitions may be a taper or a step.

12



Figure 6

36.     Mous' infringement in this regard is ongoing.

37.     cradl has been damaged as a result of the infringing conduct by Mous alleged above.  Thus, Mous is liable to cradl in an amount that adequately compensates it for such infringements, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.SC § 284.

38.     cradl and its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '524 Patent.

## COUNT IV
## INFRINGEMENT OF U.S. PATENT NO. 9,480,319

39.     On November 1, 2016, United States Patent No. 9,480,319 ("the '319 Patent") was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Protective Case for Portable Electronic Device."

40.     cradl is the owner of the '319 Patent, with all substantive rights in and to that patent, including the sole and exclusive right to prosecute this action and enforce the '319 Patent against infringers, and to collect damages for all relevant times.

41.     Mous made, had made, used, imported, provided, supplied, distributed, sold, and/or offered for sale products including, for example, Mous branded phone cases.

13

42. By doing so, Mous has directly infringed (literally and/or under the doctrine of equivalents) at least Claim 14 of the '319 Patent.

43. Mous' Limitless 5.0 phone case for use with the Google Pixel 7 Pro is an exemplary accused product.

44. For example, as recited in Claim 14, the Mous Limitless 5.0 phone case is a case for an electronic device having a first panel, at least four edge panels, and four corners. The four corners are located at each intersection of the at least four edge panels. The first panel has a large, centrally positioned opening.



*Figure 7*

Moreover, at least two edge panels are a first height. The four corners are a second height, which is substantially equivalent to the first height. At least a portion of the other two edge panels are a third height, which is less than both the first height and the second height.



*Figure 8*

45. Mous' infringement in this regard is ongoing.

46. cradl has been damaged as a result of the infringing conduct by Mous alleged above. Thus, Mous is liable to cradl in an amount that adequately compensates it for such infringements, which by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.SC § 284.

47. cradl and its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the '319 Patent.

**ADDITIONAL ALLEGATIONS REGARDING INDIRECT INFRINGEMENT**

48. Mous has also indirectly infringed the Asserted Patents by inducing others to directly infringe the Asserted Patents.

49. Mous has induced the end-users and/or Mous' customers to directly infringe (literally or under the doctrine of equivalents) the Asserted Patents by using the exemplary accused products.

50. Mous took active steps, directly and/or through contractual relationships with others, with the specific intent to cause them to use the accused products in a manner that infringes one or more claims of the Asserted Patents, including, for example, at least Claim 11 of the '606 Patent, Claim 27 of the '675 Patent, Claim 28 of the '524 Patent, and Claim 14 of the '319 Patent.

51. Such steps by Mous include, among other things, advising or directing customers and end-users to use the accused products in an infringing manner; advertising and promoting the use of the accused products in an infringing manner; and/or distributing instructions that guide users to use the accused products in an infringing manner. *See, e.g.,* https://www.mous.co/products/limitless-5-0-magsafe-compatible-silver-pearl-phone-case?variant=39740633120826; https://www.mous.co/pages/tutorials.

52. Mous performed these steps, which constitute induced infringement, with the knowledge of the Asserted Patents and with the knowledge that the induced acts constitute infringement.

53. Mous was and is aware that the normal and customary use of the accused products by Mous' customers would infringe the Asserted Patents.

54. Mous took active steps, directly and/or through contractual relationships with others with specific intent to cause such person to make or use the accused products in a manner that infringes the Asserted Patents.

55. Mous performed these steps, which constitute induced infringement with the knowledge of the Asserted Patents and with the knowledge that the induced acts would constitute infringement.

56. Mous' inducement is ongoing.

57. Mous has had knowledge of the Asserted Patents at least since the filing of the Complaint.

58. Mous' customers have infringed the Asserted Patents.

59. Mous encouraged its customers' infringement.

60. Mous also indirectly infringes by contributing to the infringement of the Asserted Patents. Mous has contributed to the direct infringement of the Asserted Patents by the end-user of the accused products. The accused products have special features that are specially designed to be used in an infringing way and that have no substantial uses other than ones that infringe the Asserted Patents. Mous knows that the accused products constitute a material part of the invention of one or more of the claims of the Asserted Patents and are not staple articles of commerce suitable for substantial non-infringing use.

61. Mous actions are at least objectively reckless as to the risk of infringing a valid patent and this objective risk was either known or should have been known by Mous.

62. Mous' contributory infringement is ongoing.

63. cradl has been damaged as a result of the infringing conduct by Mous alleged above. Thus, Mous is liable to cradl in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

64. cradl and its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law for infringement of the Asserted Patents.

## WILLFUL INFRINGEMENT

65. Mous' direct and indirect infringement of the Asserted Patents is, has been, and/or continues to be willful, intentional, deliberate, and/or in conscious disregard of cradl's rights under the patents.

66. Mous has had knowledge of the Asserted Patents at least since the filing of the Complaint.

67. Mous' actions are at least objectively reckless as to the risk of infringing valid patents and this objective risk was either known or should have been known by Mous, at least since the filing of the Complaint.

68. cradl has been damaged as a result of the infringing conduct by Mous alleged above. Thus, Mous is liable to cradl in an amount that adequately compensates it for such infringements, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

## JURY DEMAND

cradl hereby requests a trial by jury on all issues so triable by right.

## PRAYER FOR RELIEF

cradl requests that the Court find in its favor and against Mous, and that the Court grant cradl the following relief:

a. Judgment that one or more claims of the Asserted Patents have been infringed,

either literally and/or under the doctrine of equivalents, by Mous and/or all others acting in concert therewith;

  b. A permanent injunction enjoining Mous and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in concert therewith from infringement of the Asserted Patents; or, in the alternative, an award of a reasonable ongoing royalty for future infringement of the Asserted Patents by such entities;

  c. Judgment that Mous account for and pay to cradl all damages to and costs incurred by cradl because of Mous' infringing activities and other conduct complained of herein, including an award of all increased damages to which cradl is entitled under 35 U.S.C. § 284;

  d. That cradl be granted pre-judgment and post-judgment interest on the damages caused by Mous' infringing activities and other conduct complained of herein;

  e. That this Court declare this an exceptional case and award cradl its reasonable attorney's fees and costs in accordance with 35 U.S.C. § 285; and

  f. That cradl be granted such other and further relief as the Court may deem just and proper under the circumstances.

Dated: June 15, 2023       Respectfully submitted,

               */s/ Matthew J. Antonelli*
               MATTHEW J. ANTONELLI
               Texas Bar No. 24068432
               matt@ahtlawfirm.com
               ZACHARIAH S. HARRINGTON
               Texas Bar No. 24057886
               zac@ahtlawfirm.com
               LARRY D. THOMPSON, JR.
               Texas Bar No. 24051428
               larry@ahtlawfirm.com

HANNAH D. PRICE
Texas Bar No. 24116921
hannah@ahtlawfirm.com
**ANTONELLI, HARRINGTON & THOMPSON LLP**
4306 Yoakum Boulevard, Suite 450
Houston, Texas 77006
Telephone: (713) 581-3000
Fax: (713) 581-3020

JASON S. JACKSON
Colorado Bar No. 57512
jason.jackson@kutakrock.com
CHAD T. NITTA
Colorado Bar No. 31921
chad.nitta@kutakrock.com
**KUTAK ROCK LLP**
1801 California Street, Suite 3000
Denver, Colorado 80202
Telephone: (303) 297-2400
Fax: (303) 292-7799

*Attorneys for Plaintiff Jefferson Street Holdings, LLC d/b/a cradl. ltd.*
